UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GRANT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>IAS CLAIMS SERVICES, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:23-cv-01107<br><br>JUDGE RICHARDSON |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the "Motion for Reconsideration Regarding the Court's April [1]3, 2026 Order (Doc. 63) and Motion for Leave to File Second Amended Original Complaint" (Doc. No. 65, "Motion") filed by Plaintiff, Grant Johnson. Attached to the Motion is a proposed second amended complaint (Doc. No. 65-1, "Proposed Second Amended Complaint") and a declaration of Plaintiff's lead counsel, Michael Starzyk (Doc. No. 65-2, "Starzyk Declaration").

Of note, the Motion is styled as two different motions. One motion, consistent with the title of the Motion, seeks leave to file a second amended complaint. The other motion ostensibly seeks reconsideration of the Court's order at Docket No. 63 ("At-Issue Order"), whereby the Court dismissed Davies US, Inc. ("Davies US"), Davies Property Claims LLC, ("Davis Property") and the Littleton Group Western Division ("the Littleton Group") as defendants in this action. (Doc. No. 63 at 18). However, upon review of the Motion, the Court discerns that in reality Plaintiff thereby is not really seeking a reconsideration of the Court's (interlocutory) At-Issue Order. Instead, the Court discerns that in substance Plaintiff is seeking via the Motion merely (and only) leave to amend his first amended (and currently operative) complaint (Doc. No. 4, "Amended

Complaint"), to (i) reassert his claims against (the now-dismissed defendant) Davies Property—but notably not his claims against the now-dismissed defendants Davies US and the Littleton Group—and, in so doing, (ii) *add* additional allegations against Davies Property that will (according to Plaintiff) both clarify Davies Property's (alleged) joint-employer status and permit Plaintiff's claims against Davies Property to survive dismissal. (Doc. No. 65 at 1-4).

Davies Property has filed a response (Doc. No. 68, "Response") in opposition to the Motion.[1] For the reasons stated herein, the Motion (Doc. No. 65) is **GRANTED**, and Plaintiff shall be permitted to file his Proposed Second Amended Complaint (Doc. No. 65-1).

## BACKGROUND

The reader's familiarity with the factual allegations in the Amended Complaint (Doc. No. 4), which the Court reviewed in the At-Issue Order, is presumed. And so, in reviewing the background of this action, the Court limits itself to a review of the background of this case to the extent relevant to the Court's resolution of the Motion.

On December 29, 2025, the Court issued an order (Doc. No. 58, "Show Cause Order"), directing Plaintiff to show cause why the Court should not dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for not including non-conclusory, defendant-specific allegations that plausibly suggested that all Defendants (Davies Property, Davies US, IAS Claims Services, Inc. ("IAS"), the Littleton Group, the Progressive Corporation ("Progressive"), and Progressive Casualty Insurance Company ("PCIC")) were Plaintiff's "joint employers."

[1] When Davies Property filed its Response to the Motion, it was not a (non-terminated) defendant (or otherwise an active party) in this action. Given these circumstances, before filing its Response, Davies Property should have filed (but did not file) a motion to intervene, therein seeking the Court's permission to intervene in this action in order to file its Response in opposition to the Motion. Nevertheless, the Court has considered the Response in its evaluation of the Motion.

Plaintiff filed a response (Doc. No. 60, "Response to Show Cause Order") to the Show Cause Order, reasserting certain allegations in the Amended Complaint—while also advancing factual assertions not alleged in the Amended Complaint—to argue that Defendants should be treated as a single employer and/or joint employers. (Doc. No. 60 at 1-2, 4). Progressive and PCIC filed a collective reply (Doc. No. 61) to the Response to Show Cause Order. Likewise, Davies Property, Davies US, IAS, and the Littleton Group filed a collective reply (Doc. No. 62) to the Response to Show Cause Order.

On April 13, 2026, the Court entered the At-Issue Order, therein dismissing Davies US, Davies Property, and the Littleton Group as defendants in this action, but leaving as defendants in this matter Progressive, PCIC, and IAS. As relevant here (i.e., as concerns Davies Property), the At-Issue Order found that Davies Property must be dismissed as a defendant, reasoning:

> Finally, as to Davies Property, Plaintiff relies on his allegations that his offer letter was sent on "Davies" letterhead, and that IAS Services Group (which is now Davies Property) is an employer listed on Plaintiff's pay stubs. (Doc. No. 60 at 2; see also Doc. No. 4 at ¶ 16). Plaintiff also relies on his factual allegation that IAS and "Davies" appear in the signature block of the IAS Director of Administration, Cross, (who instructed Plaintiff to get a doctor's note, and subsequently, approved Plaintiff's accommodation upon receiving said doctor's note). (Doc. No. 60 at 2-3). Defendants Davies, IAS, and the Littleton Group argue that Davies Property should not be treated as a joint employer because "Plaintiff does not allege Davies Property [ ] hired or fired him, promulgated his work rules, assigned work, or supervised him day to day[,]" only that "Davies Property [ ] issued his paychecks and W2." (Doc. No. 62 at 5).
>
> As argued by Defendants Davies, IAS, and Littleton Group, the appearance of the name "Davies" does not by itself indicates suggest which "Davies" entity—Davies US or Davies Property—is implicated (as potentially linked to IAS or to the hiring and payment of the salary of Plaintiff). However, other factual allegations in the Amended Complaint do help to shed some metaphorical light on the situation. For example, Plaintiff alleges that Davies Property and IAS share the same principal office address and are used interchangeably on the IAS website. (Doc. No. 60 at 2-3; see also Doc. No. 4 at ¶¶ 21, 22). In light of these allegations, it is reasonable to infer the that "Davies" in the letterhead of Plaintiff's offer letter (and in the signature block of the IAS Director of Administration) refers to Davies Property. Notwithstanding this insight, Plaintiff has not demonstrated how Davies

> Property is a "joint employer," because Plaintiff does not explain how Davies Property possessed sufficient authority over Plaintiff's employment conditions to establish "joint-employer" status with other Defendants.
>
> Plaintiff also alleges that IAS Services Group (which is now Davies Property) is the employer listed on Plaintiff's pay stubs. (Doc. No. 60 at 2-3; see also Doc. No. 4 at ¶ 16). Saying that Davies Property is listed on Plaintiff's paystub is not the same as saying that Davies Property has any governance over Plaintiff's benefits or compensation. Moreover, Plaintiff has offered neither factual allegations nor legal authority to support a further finding that Davies Property was able to hire, fire, discipline, affect benefits, or direct or supervise her performance under the joint employer standard. *Cf Curtis v. Summit Cnty. Child. Servs.*, No. 5:22-CV-02028, 2023 WL 5530531, at *10 (N.D. Ohio Aug. 28, 2023).
>
> Therefore, the Court finds that Plaintiff has not shown that Davies Property is a "joint employer," and therefore, it is dismissed as a defendant.

(Doc. No. 63 at 16-17 (footnote omitted)).

As noted above, via the instant Motion Plaintiff now seeks leave to file the Proposed Second Amended Complaint, therein reasserting his claims against (the now-dismissed defendant) Davies Property, and in particular adding additional allegations against Davies Property that will (according to Plaintiff) clarify Davies Property's (alleged) joint employer status and that will permit (according to Plaintiff) Plaintiff's claims against Davies Property to survive dismissal. (Doc. No. 65 at 2-4). As the Court noted above, Plaintiff has not sought via the Motion leave to amend his Amended Complaint in order to reassert his claims against (the now-dismissed defendants) Davies US or the Littleton Group. (*Id.* at 1-4). Additionally, in the Proposed Second Amended Complaint, Plaintiff has *not* named as a defendant IAS (Doc. No. 65-1 at 1)—whom the Court did *not* dismiss in the At-Issue Order.

<u>LEGAL STANDARD</u>

As an initial matter, the Court must examine what legal standard applies to the Motion: Rule 15(a)(2)'s liberal standard governing the amendment of pleadings or the more stringent

reconsideration standard under Rule 54(b). The Court must examine this issue given that the Motion seeks to reassert claims against a previously dismissed party, Davies Property.

As one district court observed:

> There is limited guidance from the Sixth Circuit on whether a motion to amend that seeks to reassert claims against previously dismissed parties should be evaluated under Rule 15(a)(2) or the reconsideration standards of Rule 54(b). Indeed, the Sixth Circuit recognizes a higher standard when a final judgment and an entire case is dismissed. "When a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). Notably, the standards for reconsideration under Rules 59 and 60 are similar to that under Rule 54(b). *Id.*

*In re Upstart Holdings, Inc. Securities Litig.*, No. 2:22-CV-02935, 2025 WL 2772475, at *4 (S.D. Ohio Sept. 29, 2025) (footnote omitted). However, as that district court also observed, where a plaintiff, like Plaintiff "do[es] not ask th[e] Court to revisit its prior ruling, the motion does not trigger the reconsideration standards of Rule 54(b)." *Id.* at *6. Instead, where a plaintiff, like Plaintiff, "do[es] not seek to relitigate identical claims, but rather to plead additional factual allegations that directly address the deficiencies identified by th[e] Court" *id.*, Rule 15(a)(2)'s standard governs. And so, the Court applies herein Rule 15(a)(2)'s liberal standard governing the amendment of pleadings, which the Court discusses more fulsomely below, rather than the more stringent reconsideration standard under Rule 54(b).

However, despite the Court having settled on the applicability of Rule 15(a)(2), there is another inquiry that the Court must undertake before analyzing whether amendment is warranted. As Judge Trauger of this Court observed recently:

> [I]n every civil case, the district court must issue a scheduling order that includes a limit on the time for amending pleadings and filing motions. Fed. R. Civ. P. 16(b)(3)(A). Rule 16 "ensure[s] that 'at some point both the parties and the pleadings will be fixed.' " *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16, advisory committee's note to 1983 amendment).

*United States v. Care Servs. Mgmt. LLC*, No. 3:17-CV-01478, 2025 WL 1691905, at *1 (M.D. Tenn. June 13, 2025). Here, the initial (and still operative) case management order (Doc. No. 45, "ICMO") provides that "[a]ny motions to amend or to add parties shall be filed by no later than March 13, 2024, and must comply with Local Rules 7.01 and 15.01." (Doc. No. 45 at 4). But the Motion was filed on June 25, 2026. Thus, the Court must engage in another inquiry prior to considering whether amendment is warranted under Rule 15(a)(2). As Judge Trauger explained:

> [T]he consideration of a motion to amend filed after the deadline set in the governing scheduling order entails a two-step process under Rules 16(b) and 15(a). *Id.* Under Rule 16(b), the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Forsman v. Silverstein*, No. 2:22-CV-4415, 2025 WL 1141812, at *3 (S.D. Ohio Apr. 17, 2025) (citation omitted). "Another important consideration ... is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citation omitted).
>
> "Only after the movant shows good cause may the Court consider whether to grant leave under Rule 15(a)'s directive that leave shall be freely given when justice so requires." *Custard Hut Franchise LLC v. H&J Jawad LLC*, 697 F. Supp. 3d 723, 729 (E.D. Mich. 2023) (internal quotation marks and citation omitted).

*Care Servs. Mgmt.*, 2025 WL 1691905, at *1. So, before considering whether Plaintiff should be granted leave under Rule 15(a)(2) to file the Proposed Second Amended Complaint, the Court first considers whether Plaintiff has shown good cause under Rule 16(b) to modify the ICMO's March 13, 2024, deadline with respect to amended pleadings.

## DISCUSSION

### 1. Rule 16(b): Good Cause

With respect to good cause, the Court finds that Plaintiff has shown good cause to modify the ICMO's March 13, 2024, deadline for filing amended pleadings.[2]

With respect to "diligence," courts have found that a party demonstrated "diligence" under Rule 16(b)[3] when that party moved promptly to amend a pleading in order to correct or remedy deficiencies in that pleading. *See e.g., Woodcock v. City of Bowling Green, Kentucky*, No. 1:13-CV-00124-JHM, 2015 WL 13546506, at *3 (W.D. Ky. Nov. 13, 2015) (observing that "Plaintiff acted promptly to cure alleged deficiencies in the First Amended Complaint when they were identified by Defendants in their motion for summary judgment" and concluding that "the Court does not believe that Plaintiff failed to act diligently in seeking to file an additional amended pleading several months after expiration of the deadline in the scheduling order."); *Synthes USA*

---

[2] Notably, although Plaintiff does not address Rule 16(b)'s good-cause standard directly in his Motion, the Court finds that Plaintiff has met that standard here for the reasons described herein. And, the Court perceives that it may find that Plaintiff has satisfied Rule 16(b)'s good-cause standard even though Plaintiff did not address this standard directly in the Motion. *See e.g., Chkrs, LLC v. City of Dublin, Ohio*, No. 2:18-CV-1366, 2019 WL 3975447, at *3 (S.D. Ohio Aug. 22, 2019) ("Although neither party addresses the Rule 16(b) good cause standard, (see generally Docs. 24–26), the Court finds that Plaintiff has satisfied it here."); *Al-Sabur v. Columbus City Schs.*, No. 2:25-CV-252, 2025 WL 3204336, at *2 (S.D. Ohio Nov. 17, 2025) ("The Court recognizes that Mr. Al-Sabur failed to address Rule 16(b) in his Motion but nevertheless finds that good cause exists here.").

[3] The Court is aware that "diligence" under Rule 16(b) is frequently framed in terms of "diligence" "in attempting to meet the deadline set forth in the [scheduling] order." *Forsman*, 2025 WL 1141812, at *3. However, courts also sometimes consider "diligence" in terms of whether a party acted diligently in embarking on the *action* that would actually result in the modification of the scheduling order. *See e.g., Synthes USA Sales, Inc. v. Taylor*, No. 3:10-1102, 2012 WL 928190, at *2 (M.D. Tenn. Mar. 19, 2012) ("Diligently seeking to rectify pleading deficiencies—'as opposed to an effort to add new claims or parties'—even after a deadline has passed can be the basis for allowing amendment of a scheduling order."); *Woodcock v. City of Bowling Green, Kentucky*, No. 1:13-CV-00124-JHM, 2015 WL 13546506, at *3 (W.D. Ky. Nov. 13, 2015) ("the Court does not believe that Plaintiff failed to act diligently in seeking to file an additional amended pleading several months after expiration of the deadline in the scheduling order."). Here, the Court focuses its "diligence" analysis on whether Plaintiff acted diligently in seeking to file his Proposed Second Amended Complaint (rather than in terms of whether Plaintiff diligently attempted to meet the deadline set forth in the ICMO).

*Sales, Inc. v. Taylor*, No. 3:10-1102, 2012 WL 928190, at *2 (M.D. Tenn. Mar. 19, 2012) ("Diligently seeking to rectify pleading deficiencies—'as opposed to an effort to add new claims or parties'—even after a deadline has passed can be the basis for allowing amendment of a scheduling order."). And the Sixth Circuit has found that a party can show good cause (based on both the moving party's "diligence" and a lack of prejudice to the opposing party) where that party "prompt[ly] moves to "remedy pleading deficiencies *identified by the district court in [a] dismissal order*." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 626 (6th Cir. 2002) (emphasis added).

Here, Plaintiff moved relatively promptly[4] for leave to file his Proposed Second Amended Complaint after the entry of the At-Issue Order, and so the Court finds that Plaintiff has demonstrated "diligence" under Rule 16(b).

With respect to prejudice to the opposing party, the Court first notes that here the "opposing party" is Davies Property, which, although not currently a party in this action, had been a party and is a potential future party by virtue of the Motion and thus has filed a response—i.e., the Response—in opposition to the Motion. Davies Property has not stated in the Response that it

---

[4] The Court is aware that the At-Issue Order was entered on April 13, 2026, and that Plaintiff did not file his Motion until June 25, 2026. Arguably, waiting until two months after the Court found, in the At-Issue Order, that the deficiencies in the Amended Complaint were fatal to Plaintiff's claim against Davies Property to file the Motion fails to reflect promptness. However, the Starzyk Declaration (Doc. No. 65-2) indicates that Plaintiff's lead counsel was resolving pressing family issues in the weeks and months after April 13, 2026. In these circumstances, the Court does not discern that Plaintiff (and specifically his counsel) did not act promptly in filing the Motion.

Arguably, Plaintiff could (and should) have formally moved to amend his Amended Complaint (rather than merely raising the prospect of amendment, as he did in his Response to Show Cause Order (Doc. No. 60 at 1, 4-5)), after December 29, 2025 (when the Court entered the Show Cause Order) but before April 13, 2026 (when the Court entered the At-Issue Order). That is to say that Plaintiff arguably could (and should) have moved to amend his Amended Complaint after the Court entered the Show Cause Order (Doc. No. 58)—therein raising the issue of whether Plaintiff's Amended Complaint presented sufficient allegations to avoid dismissal—but before the Court entered the At-Issue Order (Doc. No. 63), wherein the Court concluded that the deficiencies in the Amended Complaint were fatal to Plaintiff's claims against, among others, Davies Property. Even so, given that Plaintiff moved relatively promptly to amend his Amended Complaint following the issuance of the At-Issue Order, the Court finds that Plaintiff demonstrated sufficient "diligence" to satisfy Rule 16(b)'s good cause requirement.

would suffer any prejudice as a result of the scheduling order being amended (and Plaintiff thus potentially—subject to satisfying Rule 15(a)(2)'s standard—being able to file the Proposed Second Amended Complaint). And so, with Plaintiff having acted diligently, and Davies Property having identified no prejudice that it would suffer, the Court finds that Plaintiff has shown good cause under Rule 16(a) to modify the ICMO's March 13, 2024, deadline with respect to amended pleadings.

The Court next looks to whether Plaintiff should be granted leave to amend.

2. Rule 15(a)(2)

Regarding amendment under Rule 15(a)(2), the undersigned has previously observed:

> Fed. R. Civ. P. 15(a) governs the amendment of pleadings, and states that "[t]he court should freely give leave when justice so requires." On the one hand, indicating that any one or more of a number of things could justify denial of a motion to amend under Rule 15, the Sixth Circuit has stated that "a motion to amend may be denied where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962)). On the other hand, contrary to *Riverview Health Inst.*'s suggestion that any one or more of the listed circumstances could suffice to support denial, the Sixth Circuit has stated that "[t]o deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.' " *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir.1986)). This quote has been taken to mean that "[t]he party opposing leave to amend must demonstrate significant prejudice." *Tuttle v. TYCO Elecs. Installation Servs., Inc.*, No. 2:06-CV-581, 2007 WL 9728956, at *2 (S.D. Ohio July 20, 2007) (citing *Duggins*, 195 F.3d at 834). The Court agrees that this is indeed the upshot of the quoted proposition from *Duggins;* if, to deny a motion to amend, the Court is required to find a showing of prejudice, that means that it is incumbent on one side to show such prejudice, and of course that would be the non-movant. And "'delay alone, regardless of its length is not enough to bar it [the amendment] if the other party is not prejudiced.' " *Moore*, 790 F.2d 557, 560 (quoting 3 Moore's Federal Practice, ¶ 15.08 at 15.76).

*HLFIP Holding, Inc. v. Rutherford Cnty., Tennessee*, No. 3:19-CV-00714, 2021 WL 6498858, at *16 (M.D. Tenn. Nov. 15, 2021) (footnotes omitted).

Plaintiff contends that he should be granted leave to amend his Amended Complaint because the Proposed Second Amended Complaint will contain new factual allegations that were not in the Amended Complaint (even though referred to in Plaintiff's Response to Show Cause Order) and that these new factual allegations will clarify Davies Property's (alleged) joint-employer status and (according to Plaintiff) will permit Plaintiff's claims against Davies Property to survive a motion to dismiss. (Doc. No. 65 at 2-4). Irrespective of whether the Proposed Second Amended Complaint actually would survive a motion to dismiss, this argument is well-taken; the Proposed Second Amended Complaint shows that Plaintiff has included new allegations that were not in the Amended Complaint and that specifically address the Amended Complaint's deficiencies identified by the At-Issue Order.

Davies Property argues that the Motion should be denied. Davies Property first argues that Plaintiff has "unduly delayed filing based on alleged facts already in his possession." (Doc. No. 68 at 8). Yet, this argument, even if persuasive at first glance and certainly understandable, is unavailing because as the Court noted above, "delay alone, regardless of its length is not enough to bar it [the amendment] if the other party is not prejudiced." *HLFIP*, 2021 WL 6498858, at *16 (quoting *Moore*, 790 F.2d at 560). And Davies Property makes no argument as to how it will be prejudiced by permitting Plaintiff to file the Proposed Second Amended Complaint.

Davies Property also argues that amendment would be futile. (Doc. No. 68 at 9). Davies Property specifically argues that if the Proposed Second Amended Complaint is permitted to be filed, "it will be subject to dismissal based on a failure to exhaust administrative remedies." (*Id.*). This may be (not to say *is*) so. However, even assuming *arguendo* (and in Davies Property's favor) that futility would be sufficient on its own to deny a motion to amend (even without a showing of prejudice, which as noted above Davies Property has not made), numerous courts in this Circuit

have noted that "'although courts *may* deny a motion to amend . . . on futility grounds, "many courts, for reasons of practicality, decline to engage in a futility analysis at the motion to amend phase and opt instead to assess questions of plausibility later when ruling on the motion to dismiss."'" *Grand Isle Games, LLC v. Entities, Partnerships, & Unincorporated Associations Listed on Schedule A*, No. 3:25-CV-00390, 2025 WL 2324079, at *2 (M.D. Tenn. Aug. 12, 2025) (quoting *L.H. v. Red Roof Inn, Inc.*, No. 3:22-cv-625-CHB-RSE, 2025 WL 714385, at *18 (W.D. Ky. Mar. 5, 2025) (quoting *Restocon Corp. v. Metro. Knoxville Airport Auth.*, No. 3:23-cv-142, 2023 WL 6614416, at *2 (E.D. Tenn. Aug. 25, 2023))). *See also Baird v. Nessel*, No. 24-11205, 2024 WL 4806488, at *1 (E.D. Mich. Nov. 15, 2024) ("Futility serves as a basis, not a mandate, to deny leave to amend." (collecting cases)). That is to say, a "court may grant a motion to amend without 'issuing a ruling as to futility.'" *Grand Isle Games, LLC*, 2025 WL 2324079, at *2 (quoting *HLFIP*, 2021 WL 6498858, at *19). The Court opts to take this approach. In other words, "[t]he court declines to rule on futility of amendment at this point because the better [] procedure,"—at least in this particular case—"is to allow amendment and permit the defendant to challenge the pleadings with a motion to dismiss." *Owens v. Walgreen Co.*, No. CIV. 2:12-419 WBS JFM, 2012 WL 2359996, at *2 (E.D. Cal. June 20, 2012).[5] *See also Washtenaw Cnty. Employees' Ret. Sys. v.*

[5] Davies Property also argues that amendment would be futile because the purportedly new allegations in the Proposed Second Amended Complaint were already before the Court—insofar as the factual matter underpinning the new allegations in the Proposed Second Amended Complaint was also raised in Plaintiff's Response to Show Cause Order (Doc. No 60). Davies Property specifically argues:

> Plaintiff admits this Court has already considered the new allegations in the proposed Second Amended Complaint: "Because some of the facts contained in the Response [to Show Cause Order] were not in the First Amended Complaint, Plaintiff requests leave to file his [Proposed] Second Amended [] Complaint." These allegations have already been before this Court. This Court has considered them and dismissed Davies Property Claims. Amendment to the Complaint simply to add claims already considered and dismissed would be futile.

(Doc. No. 68 at 7). This argument is unavailing for two reasons. First, the Court can (and does) decline to deny the Motion on the grounds of any (purported) futility of amendment.

*Dollar Gen. Corp.*, No. 3:23-CV-01250, 2026 WL 810035, at *7 (M.D. Tenn. Mar. 24, 2026) ("Rather than conduct a full futility analysis now, the court would be better positioned if it were afforded the full benefit of a 12(b)(6) briefing on the amended complaint.").

In summary, the Court does not begrudge Davies Property its opposition to being hailed back into the lawsuit after being dismissed from it. But the Court finds Davies Property's arguments against amendment ultimately unpersuasive and finds Plaintiff's arguments in favor of amendment well-taken. So, the Court will grant the Motion and grant Plaintiff leave to file the Proposed Second Amended Complaint (Doc. No. 65-1).

## CONCLUSION

For the reasons described herein, the Motion (Doc. No. 65)—which the Court, as noted above, has construed as (solely) a motion to amend the Amended Complaint—is **GRANTED**, and the Clerk of the Court is **DIRECTED** to separately docket the Proposed Second Amended Complaint (Doc. No. 65-1).

That leaves a few outstanding matters.

First, as the Court noted above, in the Proposed Second Amended Complaint Plaintiff has not named as a defendant IAS (a current defendant in this matter). (Doc. No. 65-1 at 1). Rather, in the Proposed Second Amended Complaint, Plaintiff has named as defendants only Progressive

---

Second, this argument misapprehends the Court's approach in the At-Issue Order to Plaintiff's Response to Show Cause Order. In the At-Issue Order, the Court did *not* treat the factual matter asserted in the Response to Show Cause Order as true unless that factual matter was independently supported by allegations *in the Amended Complaint*. (Doc. No. 63 at 2 n.2 (noting that the Court is accepting as true facts alleged in the *Amended Complaint*), 6 n.11 (rejecting some of Plaintiff's arguments raised in the Response to Show Cause Order when those arguments were contradicted by allegations in the Amended Complaint), 12 n.14 (accepting factual assertion from the Response to Show Cause Order as true where that assertion "can be inferred from allegations that are in the Amended Complaint, namely in paragraphs 26 through 34 thereof.")). Put another way, at least some of the factual matter underpinning new *allegations* in the Proposed Second Amended Complaint was not already considered (as true) by the Court.

(who was not dismissed via the At-Issue Order), PCIC (who was not dismissed via the At-Issue Order), and Davies Property (who *was* dismissed via the At-Issue Order).

With respect to IAS (i.e., IAS Claims Services, Inc.), where an amended pleading no longer brings claims against a particular party, the claims against that party are typically dismissed without prejudice. *See In re Behr Dayton Thermal Prods., LLC Litig.*, No. 3:08-CV-326, 2012 WL 559913, at *3 (S.D. Ohio Feb. 21, 2012) ("Claims that are not reasserted in an amended complaint are deemed to have been voluntarily dismissed without prejudice."); *Montemayor v. Rudd*, No. 3:19-CV-01087, 2020 WL 1469871, at *4 (M.D. Tenn. Mar. 26, 2020) ("All other claims and defendants that were identified in the original complaint and effectively withdrawn by their omission from the amended complaint are DISMISSED without prejudice."); *Bliss Collection, LLC v. Latham Companies, LLC*, No. 5:20-CV-217-CHB, 2021 WL 2651811, at *3 (E.D. Ky. June 28, 2021) ("The claims that were eliminated from the Amended Complaint (such as the KCPA claim) were effectively dismissed without prejudice."), *rev'd on other grounds,* 82 F.4th 499 (6th Cir. 2023); *Martin v. MCAP Christiansburg, LLC*, No. 7:14CV464, 2015 WL 540183, at *3 (W.D. Va. Feb. 10, 2015) (holding that "the filing of the amended complaint has the effect of a voluntary dismissal of [certain claims] without prejudice."). So, given that the Proposed Second Amended Complaint does not name IAS as a defendant, the claims against IAS are **DISMISSED** without prejudice.[6] The Clerk of the Court is **DIRECTED** to terminate IAS (i.e., IAS Claims Services, Inc.) as a defendant in this action. Additionally, with respect to Davies Property, the Clerk of the Court is **DIRECTED** to restore Davies Property (i.e., Davies Property Claims LLC) as a (non-terminated) defendant in this matter.

---

[6] In a filing made in connection with its pending motion to reconsider the At-Issue Order (Doc. No. 64), IAS seems to suggest that the claims against it should be dismissed *with* prejudice even if the Court granted Plaintiff leave to file the Proposed Second Amended Complaint (Doc. No. 67 at 2). The Court sees no basis to do that here.

That leaves two final points of business. First, there is the motion to dismiss (Doc. No. 47) of PCIC and Progressive, which is directed at the Amended Complaint. Given that the Court has granted Plaintiff leave to file the Proposed Second Amended Complaint, this motion (Doc. No. 47) is **DENIED** as moot. Such denial is without prejudice to PCIC and Progressive filing a renewed motion to dismiss that seeks the dismissal of the new complaint (i.e., the Proposed Second Amended Complaint) in this action. Second, there is IAS's pending motion to reconsider (Doc. No. 64) the At-Issue Order. Given the dismissal of IAS as a defendant in this action, this motion (Doc. No. 64) is also **DENIED** as moot.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE